# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6342 | **DATE** | 7/23/2002 |
| **CASE TITLE** | GENERAL ELECTRIC CAPITAL CORP. vs. SHEFFIELD SYSTEMS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's motion to dismiss pursuant to Fed.R.Civ. P. 12(b)(7) is hereby denied. [18-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 2 9 2002 | |
| | Notified counsel by telephone. | | date docketed | 24 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 02 JUL 26 PM 3:55 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GENERAL ELECTRIC CAPITAL )
CORPORATION, )
 )
       Plaintiff, )
v. ) 01 C 6342
 )
SHEFFIELD SYSTEMS, INC., )
An Illinois corporation, )
 )
       Defendant. )

DOCKETED
JUL 2 9 2002

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Sheffield Systems, Inc.'s ("Sheffield") motion to dismiss Plaintiff General Electric Capital Corporation's ("GECC") complaint pursuant to Federal Rules of Civil Procedure 12(b)(7) ("Rule 12(b)(7)") and 19 ("Rule 19"). For the reasons set forth below, Defendant's motion to dismiss for failure to join an indispensable party is denied.

## BACKGROUND FACTS

On November 29, 2001 Plaintiff General Electric Capital Corporation ("GECC") filed a first amended complaint against Defendant Sheffield Systems, Inc. ("Sheffield") alleging two counts of breach of contract. On or about September 14, 1991, Sheffield and non-party, co-lessee, U.S.Buying Group, Inc. entered into two equipment leases with Sheffield. The equipment pursuant to the terms of the contract was then delivered, installed and accepted by the lessees. Sheffield and/or U.S. Buying Group then made 5 payments under the terms of the Lease Agreements but ceased making payments in July of 2000. U.S. Buying Group filed a voluntary petition for bankruptcy pursuant to 11 U.S.C. §101 et seq. GECC has filed the instant lawsuit against Sheffield only.

1

## DISCUSSION

On a motion to dismiss under Rule 12(b)(7) for failure to join a necessary and indispensable party under Rule 19, the court "may go outside the pleadings and look to extrinsic evidence." *English v. Cowell*, 10 F.3d 434, 437 (7th Cir. 1993); *See also Capital Leasing Co. v. Fed. Dep. Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993). The court will rely on Rule 19 so as to protect "all materially interested parties" and "avoid wasting judicial resources." *Moore v. Ashland Oil, Inc.* 901 F.2d 1445, 1447 (7th Cir. 1990). However, the court will be reluctant to dismiss for failure to join if doing so deprives the plaintiff of "his choice of federal forum." *Pasco Int'l (London) Ltd. v. Stenograph Corp.*, 637 F.2d 496, 499 n. 2 (7th Cir. 1980). Deciding whether joinder is appropriate under Rule 19, the court must determine whether a party is a necessary party, *i.e.* one that should be joined. *United States ex rel. Hall v. Trival Dev. Corp.*, 100 F.3d 476, 478 (7th Cir. 1996). If, however, the court cannot join the party because to do so would destroy jurisdiction or the party is not subject to service of process, the court must proceed to examine the four criteria described in Rule 19(b) to determine whether the action should go forward in the party's absence or whether the action must be dismissed. See *7 Wright, Miller, Kane, Federal Practice and Procedure*: Civil § 1604. This question is commonly analyzed as whether this necessary party is "indispensable." *Durash v. Northern Trust Co.*, 1996 WL 99903, at *3 (N.D. Ill. Feb. 29, 1996)(citing *Pasco*, 637 F.2d at 501 n. 13; *Krueger v. Cartwright*, 996 F.2d 928, 933 (7th Cir. 1993)).

In deciding whether U.S. Buying Group is a necessary party under Rule 19, we must consider (1) whether complete relief can be accorded without joinder, (2) whether U.S. Buying Group's ability to protect his interest will be impaired, and (3) whether

Sheffield will be subjected to a substantial risk of multiple or inconsistent obligations unless U.S. Buying Group is joined. *Thomas v. United States*, 189 F.3d 662, 666 (7th Cir. 1999). It is unclear whether U.S. Buying Group, is a co-lessee or the only lessee. In either case it would have an interest in the subject matter of the litigation and any determination regarding the rights and obligations under the lease might very well affect it. A disposition of the matter may impair U.S. Buying Group's ability to protect its interest. Moreover, non-joinder may result in inconsistent judgments regarding the respective obligations and liabilities of Sheffield and U.S. Buying Group. Fed. R. Civ. P. Rule 19(a)(2).

Defendant alleges that the U.S. Buying Group is the sole contracting party to the contract because the signatory on the contracts, Cathy F. Casson, and the contact person, Denise Sibley, are employees of U.S. Buying Group, not Sheffield, and neither are authorized to contract on behalf of Sheffield. In the same way, defendant argues that the equipment that is the subject of the contract was for the sole use of U.S. Buying Group. The allegations as stated by the defendant, if proven true, could lead the court to dismiss the action against the defendant. Plaintiff may then look to U.S. Buying Group as the sole obligor. Obviously, the relief contemplated in this case will have a substantial impact on the defendant and U.S. Buying Group. For this reason, we find that U.S. Buying Group is a necessary party under Rule 9(a).

However, joinder of U.S. Buying Group is precluded due to its petition in bankruptcy. 11 U.S.C. § 362(a). The court must therefore now consider the four factors set forth in Rule 19(b) to determine whether in "equity and good conscience" this case should be dismissed.

> If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person, or those already parties, second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b)

These four factors overlap, to a large extent, the considerations required under Rule 19(a), but Rule 19(b) requires a pragmatic weighing of these four factors. See *Burger King Corp. v. Amer. Nat'l Bank and Trust Co. of Chicago*, 119 F.R.D. 672, 679 (N.D. Ill. 1988). No single factor is necessarily determinative, nor is the list inclusive. See *Freeman v. Liu*, 112 F.R.D. 35, 40 (N.D. Ill. 1986). It appears clear that the plaintiff will not have an adequate remedy if the action is dismissed for nonjoinder as this will leave it without any remedy. It will not be able to pursue either of the two parties it alleges were bound by the terms of the contract plaintiff claims has been breached. Further, Sheffield systems is not prejudiced by a failure to join U.S. Buying Group. Sheffield's defense, as stated to us in open court - that it is not a party to the contract, can be fully and completely litigated without joining U.S. buying group as a party. Sheffield, after all, does not have the burden of proving that U.S. Buying Group is the party that contracted with plaintiff. All Sheffield must do is to establish that it is not a party to the contract, or more precisely, make sure that plaintiff fails to prove that it, Sheffield, is a party to the contract. This, if true, Sheffield can accomplish without making U.S. Buying Group a party. If Sheffield prevails it will have obtained complete relief without joinder.

If plaintiff prevails it also can obtain complete relief without joinder as under the terms of the contract both parties, are liable together and separately for any breach.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) is hereby denied (Docket #18-1).

**SO ORDERED:**  ENTERED: July 23, 2002

**Hon. Ronald A. Guzman**
**United States Judge**